UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TOYA GREEN-MOBLEY,

         Plaintiff,

v.                                                                        Case No. 3:20-cv-80-J-32PDB

SYNCHRONY BANK,

         Defendant.

## **O R D E R**

On January 29, 2020, plaintiff filed this complaint seeking injunctive relief and damages for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"), related to calls placed to plaintiff's cell phone number between January 28, 2016 and March 12, 2016. (Doc. 1.)   On May 4, 2020, the Court entered an order inquiring about the case status because the file did not show evidence that any summons was sought, nor was a waiver of service of process filed, and the time limits for service of process under Rule 4(m) of the Federal Rules of Civil Procedure had expired. (Doc. 6.)   Nine days later, on May 13, plaintiff filed a proposed summons which the clerk issued the following day.  (Docs. 7 & 8.)   Plaintiff then filed proof of

service of process on May 18 (Doc. 9) and responded to the Court's order on May 21 (Doc. 10), explaining that Ariel Spires, the attorney primarily handling the case, had left the Davis Law Firm on February 17, 2020 and counsel had quickly taken steps to serve process once the Court issued its May 4 order.

Defendant now moves to dismiss plaintiff's complaint (Doc. 14), arguing that plaintiff has not demonstrated good cause for failing to serve process within the time limits of Rule 4(m).   In its motion, defendant states that its counsel learned of the lawsuit on January 30, 2020 and, on February 18, 2020 and February 19, 2020, defendant's counsel placed five calls to plaintiff's law firm seeking to speak with Ms. Spires, Mr. Davis, a paralegal, a secretary or anyone assigned to the case regarding service of process.   The person who answered two of those calls took messages which, according to defendant, included specific information that the call was with regard to service of process. No one from the Davis Law Firm returned the calls to defendant's counsel. Notably, these phone calls were made after the date that Ms. Spires had apparently left the firm.

In her response to defendant's motion (Doc. 15), plaintiff offers no explanation as to why defendant's February inquiries did not result in an effort to serve process at that time.   Instead, plaintiff states that Ms. Spires departed on February 17, plaintiff's counsel's employees began working from home on March 24 because of the coronavirus pandemic, and plaintiff promptly

2

responded and served process once the Court entered its May 4 order.   Plaintiff

further states that defendant will suffer little prejudice because it was served

only sixteen days beyond the ninety days permitted by Rule 4(m), and plaintiff

will be severely prejudiced if the Court dismisses her case for failure to timely

serve process because the statute of limitations will have run on her TCPA

claim.   Plaintiff argues the Court should therefore find "good cause" to excuse

this "minor procedural issue."

The Court does not find counsel's failure to comply with the Federal Rules

of Civil Procedure to be a "minor procedural issue."   Nor does it find it

acceptable that plaintiff's counsel did not take better care to ensure this case

was properly handled from the beginning.   Mr. Davis was included on the

docket as counsel for plaintiff along with Ms. Spires when this case was filed

and had an equal responsibility for its prosecution.   Having been notified by

defendant after Ms. Spires departed that service had not occurred, and knowing

that the statute of limitations was an issue, Mr. Davis should have acted quickly

to protect his client's rights.   Had counsel requested an extension of time to

serve process due to the pandemic, it would surely have been granted.   To

instead do nothing until the Court inquired is not a demonstration of good

cause.

Nonetheless, defendant has now been served, it was aware of the lawsuit

back in January and, in light of the running of the statute of limitations on her

TCPA claim, plaintiff will be severely prejudiced if this case is dismissed for failure to timely serve process.   The Court therefore finds it should exercise its discretion to extend the time for service of process by an additional sixteen days to include May 14, 2020, the date defendant was served with process.   See Horenkamp v. Van Winkle and Co., 402 F.3d 1129, 1131-33 (11th Cir. 2005) (holding that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause," such as where a "statute of limitations would bar the refiled action" (quoting example from Fed. R.. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments)).[1]

On another matter, Ms. Spires is still listed as counsel of record for plaintiff and will remain equally responsible for the prosecution of this case along with her co-counsel unless and until she is permitted to withdraw. Because her contact information on both the Middle District of Florida registry and the Florida Bar website still shows her as a member of the Davis Law Firm, Mr. Davis is directed to provide Ms. Spires with a copy of this order.   If Ms. Spires' contact information has changed, she is required to update it **forthwith**.

---

[1] Although Horenkamp considered an earlier version of Rule 4, its analysis is still good law.   See, e.g., Hunt v. Nationstar Mtg., LLC, 782 F. App'x 762, 764 (11th Cir. 2019) (explaining that district court may consider whether to grant an extension for service of process even in the absence of good cause, citing Horenkamp); Benkovitch v. Village of Key Biscayne, 778 F. App'x 711, 715 (11th Cir. 2019) (finding bankruptcy court did not abuse its discretion in extending time for service of process in the absence of good cause where the statute of limitations would have barred a refiled claim, citing Horenkamp).

Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Motion to Dismiss (Doc. 14) is **denied**.   Defendant shall answer the complaint no later than **July 31, 2020**.

2.    The parties shall file their Case Management Report (the form of which is attached to the Court's Track Notice (Doc. 5)), no later than **July 31, 2020**.

**DONE AND ORDERED** in Jacksonville, Florida this 8th day of July, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record

5