United States District Court
Middle District of Florida
Jacksonville Division

**TOYA GREEN-MOBLEY,**

    *Plaintiff,*

v.                                          **NO. 3:20-cv-80-TJC-PDB**

**SYNCHRONY BANK,**

    *Defendant.*

___

# Order

This is an action for alleged violations of the Telephone Consumer Protection Act (TCPA) and the Florida Consumer Collection Practices Act. According to the plaintiff, despite revoking consent to be called, the defendant continued to place calls to her cellular telephone about repaying a debt using an automatic telephone dialing system and an artificial or prerecorded voice. She alleges the calls were willfully and knowingly made. Doc. 1. This Order addresses a discovery dispute and amends the deadlines.

## *Discovery Dispute*

The plaintiff twice moved for an extension of the discovery deadline, explaining that although diligent, the parties could not meet deadlines. Docs. 28, 29, 31, 32. The day before the discovery deadline, Doc. 32, the plaintiff moved to compel the defendant to respond to discovery requests, to produce a corporate representative for deposition, and for sanctions. Doc. 34. In response, the defendant amended some of its responses and conferred with counsel to

schedule the deposition. Doc. 36. Following two telephone conferences with the Court, Docs. 38, 41, and further conferral, the defendant produced documents and the parties entered into a confidentiality agreement.

In a joint notice, the parties explain that a dispute about five document requests remain. Doc. 42. The defendant objects based on confidentiality and relevancy. Doc. 42 ¶ 5.

- Call Detail Records [of calls made by the defendant to the plaintiff's cellular telephone] exported from the Noble Dialer in CSV format.

- A copy of all Policies and Procedures in effect during the Relevant Period regarding Defendant's use of an automatic telephone dialing system, artificial voice, and/or prerecorded voice.

- Any and all policies, procedures, guidelines, processes, systems that deal with how you handle revocation on all types of accounts, including but not limited to: what types of revocation are accepted; how revocations are notated on consumer's accounts; how and when revocations are processed.

- Any and all policies, procedures, guidelines, processes, systems that deal with how you handle consumers with multiple accounts placed with you.

- Any and all manuals, keys, guides, references or other documents relating to the interpretation of account notes and call logs, including, but not limited to: explanations of all abbreviations or terms of art present in all produced discovery documents.

Federal Rule of Civil Procedure 26(b)(1) provides that a party may obtain discovery regarding any non-privileged matter relevant to a party's claim or defense. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

The TCPA makes it illegal to "make any call ... using any automatic telephone dialing system or an artificial or prerecorded voice ... to any

telephone number assigned to a paging service[ ] or cellular telephone service" without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Penalties include actual monetary loss or $500 for each illegal call, whichever is greater. *Id.* § 227(b)(3)(B). If the caller "willfully" or "knowingly" violated the statute, the court may triple the amount. *Id.* § 227(b)(3)(C).

Considering there is a confidentiality agreement in place and relevancy, the Court **grants** the motion to compel to the extent the defendant must produce responsive documents by **June 29, 2021**. The documents relate to whether the defendant used an automatic telephone dialing system to call the plaintiff; the plaintiff's revocation or absence of revocation for her two Synchrony accounts; and whether the defendant willfully and knowingly made the calls. Whether the Noble Dialer used here is an automatic telephone dialing system is an issue not yet decided in this case. *See* Doc. 36 at 9.

Rule 37 governs motions to compel and sanctions. The rule provides that if a party fails to provide a requested document, the requesting party may move for an order compelling production, and if the motion is granted or the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). "But the court must not order this payment" if the "movant filed the motion before attempting in good faith to obtain the … discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

3

An award of expenses is unwarranted. The parties successfully narrowed the dispute after the plaintiff moved to compel. The plaintiff waited until the last day of discovery to file the motion, necessitating a change in deadlines for any relief provided. The defendant failed to timely respond to requests and to timely coordinate with the plaintiff to schedule the corporate representative's deposition, albeit with apparent hopes of settlement. *See generally* Doc. 34. With fault on both sides, an award of expenses is unjust.

### *Amended Deadlines*

The parties propose new deadlines and a new trial date. Doc. 42 at 3. The Court will adjust the proposed dates to allow time for the defendant to produce documents, for the corporate representative to be deposed, and for the Court to consider any dispositive motions. The Court **vacates** all remaining deadlines, Docs. 32, 40, and removes the case from the September 2021 trial term. The case management and scheduling order is amended as follows.[1]

| Action or Event | Date |
|---|---|
| Deadline to depose the defendant's corporate representative. *See* Fed. R. Civ. P. 30(b)(6). | 07/19/21 |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56; Local Rule 3.01(c). | 08/09/21 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 11/29/21 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). | 12/14/21 |
| | |

---

[1]At a telephone conference, the defendant moved for leave to file an expert report out of time (the deadline was April 28, 2021, *see* Doc. 32). Doc. 39. The defendant proposes no new expert deadline in the joint notice. Doc. 42. The Court therefore **denies** that request.

4

| Final pretrial conference | 12/20/21 10:00 a.m. |
|---|---|
| Trial term begins | 01/03/22 9:00 a.m. |

The directives in the original case management and scheduling order, Doc. 20, remain in effect.

The parties are encouraged to re-engage with the mediator after the close of discovery and, if warranted, request a settlement conference.

**Ordered** in Jacksonville, Florida, on June 16, 2021.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*